RAMÓN MONTANER, en su carácter de ADMINISTRADOR DEL FONDO DEL SEGURO DEL ESTADO, recurrente, *v.* LA COMISIÓN INDUSTRIAL DE PUERTO RICO, compuesta de los Sres. M. LEÓN PARRA, Presidente, y F. PAZ GRANELA y JUAN M. HERRERO, Comisionados Asociados, demandada, y VICENTE USERA, patrono, peticionario ante la Comisión Industrial.

Núm. 188.—*Sometido:* Enero 29, 1940. *Resuelto:* Febrero 14, 1940.

*Hon. Procurador General George A. Malcolm, E. Campos del Toro, E. de Aldrey, Procuradores Generales Auxiliares y Víctor J. Vidal González,* abogado éste del Fondo del Seguro del Estado, abogados del recurrente; *M. León Parra,* abogado de la demandada; *E. Arjona Siaca,* abogado del patrono, peticionario ante la Comisión.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

En 13 de enero de 1939, en el caso de *Montaner, Administrador v. Comisión Industrial,* 54 D.P.R. 55, decidimos que la Comisión Industrial tiene plena autoridad, conferídale por el artículo 24 de la Ley núm. 45 de 1935 ((1) pág. 251), para reducir o rebajar y modificar las primas o tipos fijados para cada grupo de oficios o industrias por el Administrador del Fondo del Estado; y en consecuencia confirmamos la

resolución de la Comisión en cuanto a la rebaja de $5.85 a $4.49 durante el año 1937–38 por cada $100 de jornales pagados, por la clasificación 0030, que es la del cultivo de caña.

El día 4 de agosto de 1937 el señor Vicente Usera, asegurado por el Fondo del Estado bajo póliza núm. 1217 para el año 1937–38, dirigió una comunicación a la Comisión Industrial al efecto de que en esa misma fecha había remitido al Administrador del Fondo un cheque por $255, de cuya suma $218.53 correspondían a la mitad de la prima fijada por el Administrador sobre su citada póliza, haciendo constar que el pago lo hacía bajo protesta, por no querer aceptar el Administrador los tipos fijados por la Comisión.

El 10 de agosto de 1937 el secretario de la Comisión se dirigió al Sr. Usera, acusando recibo de su carta del 4 del mismo mes, y terminaba diciéndole:

"Si lo que Ud. desea es que la Comisión revise el tipo o los tipos de las clasificaciones de riesgo en su negocio, es preciso que Ud. radique ante este organismo una solicitud de revisión de primas en una forma que atempere con lo dispuesto por el artículo 24 de la Ley núm. 45 de 1935."

Dos días más tarde, el Sr. Usera envió a la Comisión Industrial una carta que lee así:

"Señores:

"Refiriéndome a mi carta del 4 d/c a esa Hon. Comisión en relación con el pago que hice bajo protesta de la mitad de la prima para 1937–38 de mi póliza Núm. 1217 de seguro de obreros, *respetuosamente solicito que dichas primas sean revisadas por esa Hon. Comisión, por considerarlas excesivamente altas e injustificadas."* (Bastardillas nuestras.)

En 27 de octubre de 1939 la Comisión Industrial dictó una resolución cuya parte dispositiva lee así:

"La Comisión Industrial entiende que tal petición reúne los elementos necesarios para constituirla en una petición de revisión de la prima, de acuerdo con la ley, y por lo tanto, procede que el Administrador del Fondo de Seguro del Estado considere a este

patrono comprendido bajo la sentencia del Hon. Tribunal Supremo de enero 13 de 1939.''

Denegada la reconsideración solicitada por el Administrador del Fondo, interpuso éste el presente recurso de revisión, alegando en apoyo del mismo:

1. Que la comunicación del Sr. Usera de fecha 12 de agosto de 1937, supra, no es la petición de revisión a que se refiere el inciso 1 del artículo 24 de la Ley ''por no consignarse en la misma el tipo o tipos o la prima impugnada, ni la clasificación a que dicho tipo o tipos o prima correspondía, ni se expresaban en la misma los motivos por qué dichos tipos o prima debían enmendarse.''

2. Que el Administrador no fué notificado de la referida comunicación ni se le hizo parte en el procedimiento, ni se le concedió su día en corte para poder oponerse a las pretensiones del Sr. Usera.

3. Que el procedimiento seguido por la Comisión priva al Pueblo de Puerto Rico de su propiedad sin el debido proceso de ley.

El recurso debe ser desestimado por frívolo y por envolver una cuestión puramente académica.

La ley (artículo 24, inciso 1), provee que el patrono perjudicado podrá radicar ''una petición de revisión por dicha Comisión de las decisiones hechas por el Administrador con relación a los tipos o primas para uno o más oficios o industrias, dando los motivos por qué dichos tipos o primas debían enmendarse.'' La comunicación del Sr. Usera cumple substancialmente con el estatuto. Empieza refiriéndose a su carta del 4 de agosto de 1937, que obraba en poder de la Comisión, en la que hacía constar el número de su póliza, el año cubierto por ella, la cantidad fijada por el Administrador y pagada bajo protesta. Solicitó respetuosamente que dichas primas, fijadas por el Administrador en contravención de lo acordado por la Comisión, fuesen revisadas. Y como motivo para la reducción que solicitaba, alegó que las primas fijadas por el Administrador del Fondo eran excesivas.

Que las primas fijadas por el Administrador eran excesivas era una cuestión ya resuelta por la Comisión y confirmada por esta Corte Suprema. El Administrador del

138

Fondo tuvo su día en corte y fué oído por la Comisión y por esta Corte Suprema en el caso que motivó la sentencia de este tribunal de 13 de enero de 1939, que envolvía la misma cuestión cuya revisión pidió a tiempo el Sr. Usera. Si la Comisión no requirió al Administrador del Fondo para que contestase la petición de revisión radicada por el Sr. Usera, seguramente se debió a que la Comisión estimó que la resolución del caso dependía de la que se dictara en el caso iniciado por Antonio Matos y otros, que envolvía la misma cuestión que presenta el caso de autos.

Considerando que la petición de revisión radicada por el Sr. Usera es suficiente y que en nada beneficiaría al recurrente la devolución del caso a la Comisión para ulteriores procedimientos, toda vez que nuestra decisión tendría que ser idéntica a la del caso de *Matos et al.* (54 D.P.R. 55, supra), opinamos que *debe declararse sin lugar el recurso y confirmarse la resolución recurrida.*